By the Court, Nelson, Ch. J.
The only question in the case is, whether the goods of the tenant were subject to distress for rent while in the entry; in other words, whether the passage way appurtenant to the demised premises should be re garded as part and parcel of them.
The case of Capel v. Buszard, (6 Bing. 150,) is a decisive authority upon this question.. The action was trover for two barges, and the jury found specially'that one Brown demised to the plaintiffs a certain wharf,.together with all the ways, paths, passages and appurtenances belonging thereto-; and also, as appurtenant to the wharf, the exclusive use of the land of the river-. Thames opposite to and in front of the wharf-ground between high and lowwater-mark. The jury further found, that the land between high and lowwater-mark was not demised. While the barges were lying between high and lowwater-mark in front óf the wharf and attached thereto, they were distrainedfor rent by the defendants, the bailiffs of the then" owner of the freehold; and the question was, whether the distress was lawful. The court of K. B. gave judgment for the plaintiffs, (8 Barn. & Cress. 141,) which was affirmed, on error "by the exchequer chamber. In delivering the opinion of a majority of' the court in favor of affirmance, Alexander, C. B. said: “It cannot be denied that the law is generally understood to be as laid, down by the Lord Chief Baron Comyn, in his Digest, title Distress, (A 3); that, for rent reserved upon a lease, á man may dis train upon any part of the land out of which the rent issues;
. evidently implying a negative, that he can distrain no where else.” This principle, taken in connection with the rule that no rents can issue out of an easement or incorporeal hereditament, was held to be decisive of the question. It was also said that there was no reason in justice for extending by subtilty the. right of distraining beyond what the ancient law of the realm-had established; and that “ if the.law'were as contended by the defendants below, the barge's of a stranger moored there for a temporary purpose with their cargoes, might be seized; which" would be unjust.” The same remark is applicable to the present case;.for if the distress'was authorized, the goods of every *483 other tenant enjoying the right of passage in common with the plaintiff, might be seized for rent due from the latter while being conveyed to and from the rooms occupied by them.
Judgment for the plaintiff.